NATHANIEL DOBBS VALENTINE AND OTHERS, APPELLANTS, *v.* SAMUEL BOWNE DURYEA AND RICHARD HALL, RESPONDENTS.

*Incapacity of an executor to purchase property of the estate — the rule does not apply to one named as an executor who has not taken out letters.*

Since the passage of the Revised Statutes a person named in a will as one of the executors thereof, to whom letters testamentary have not been issued, is not incapacitated from purchasing property from the executors who have qualified.

APPEAL from a judgment, entered after a hearing at the Special Term, dismissing the complaint.

The action was brought to have a deed of certain lands in Westchester county set aside and vacated, and decreed to be null and void, upon the ground that the same was void by reason of the relation of the parties thereto to each other, and that it was executed with the intent of defrauding the plaintiffs of certain alleged interests in the property.

The property covered by the deed in question consists of a farm of about ninety-two acres situated in the town of Pelham, which was owned by one Thomas Valentine at the time of his death, in the year 1839. Thomas Valentine left a last will which was duly admitted to probate on the 30th day of March, 1840, on which day letters testamentary were issued to Nathaniel Valentine, one of the executors named in said will. The lands in question were, by the provisions of this will, converted into personalty, and the balance of the proceeds of the sale thereof, after paying certain legacies therefrom, was bequeathed, with the residue of the testator's estate, to his son Charles Valentine " to use during his life, and if he bears lawful issue * * * to said issue." Nathaniel Valentine, Burling Valentine, Sampson D. Valentine and Charles Valentine, the son and legatee aforesaid, were named in the will as executors, but Nathaniel Valentine alone qualified. On the 23d day of March, 1843, Nathaniel Valentine, the sole qualified executor, after a public sale thereof, conveyed the farm, the title to which is now in question, by deed to Charles Valentine for the sum of $7,000. After this sale and conveyance, Nathaniel Valentine brought the proceeds into the Surrogate's Court upon his accounting as executor, and on the 27th day of April, 1843, a decree settling his accounts was made by the surrogate, which found that there remained in his hands to be appropriated, as directed by the testator in his will, the sum of $2,972.25. The will provided for the payment to the testator's sister, Elizabeth Valentine, of a legacy of $2,000 in case Charles Valentine had lawful issue. At the time of the accounting Charles Valentine had no lawful issue, he having married in June, 1843, but his first child was born in August, 1844, when the legacy to Elizabeth became payable out of the balance found by the decree to be in the executor's hands.

In March, 1844, Charles Valentine conveyed the farm, with other property, to one John R. Hayward, in trust, to sell and dispose of the proceeds in payment of his debts. In January, 1845, John R. Hayward and wife, by a deed in which Charles Valentine and wife joined, conveyed the property in question for $9,000, to Samuel Bowne, under whom the defendant Duryea now holds.

This action was commenced on the 17th day of February, 1882,

to have the deed from Nathaniel Valentine, as executor to Charles Valentine, dated March 23, 1843, declared to be null and void. The plaintiffs are the children of Charles Valentine, now deceased, who were born on the following dates respectively: Nathaniel Dobbs Valentine, August 28, 1844; Johanna Beardsley, February 7, 1846; Ada Briggs Valentine, January 2, 1855; Emily Ann Valentine, November 5, 1856; Charles Valentine, April 23, 1859, and claim that an interest in the real estate vested in them under the will; that the sale to Charles Valentine was contrived to defraud them thereof, and that the deed to him was wholly void and of no effect by reason of the fact that he had been named in the will as an executor, and had become thereby so far a trustee, that he could not purchase the property of the testator and take a valid title thereto.

*Cummings & Murray*, for the appellants.

*A. W. Evarts*, for the respondents.

PRATT, J.:

The findings of fact made by the Special Term are fully supported by the evidence. The only testimony in any respect tending to sustain the allegation of fraud in fact was that of one witness, who placed the value of the property at a sum considerably exceeding the $7,000 for which it was sold by the executor. But witnesses far more competent than he clearly showed that the property sold for its full value. It is also shown that the purchase-price was paid to the executor of the plaintiffs' testator, and was necessarily expended in payment of his debts.

The only ground upon which any argument can be made for plaintiffs is that the sale to Charles Valentine was void in law, in consequence of his having been named in the will as executor. We think the contention is fully answered by the provisions of the Revised Statutes, and that not having been appointed executor by the letters testamentary he was thereby superseded. Having no power or authority as executor, we do not see that he was incapacitated from becoming a purchaser. Since the Revised Statutes, the authority of an executor is wholly derived from the probate

court, and only through its appointment can he be invested with the office or be subject to its disabilities.

It follows that the judgment should be affirmed, with costs.

Barnard, P. J., concurred; Dykman, J., not sitting.

Judgment affirmed, with costs.